STATE OF MAINE
SAGADAHOC, SS.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE: 99-021

DOMINIC & GERALDINE VERMETTE )
     Plaintiffs  )
          )
vs.            )
           )
           )
ERIC WHITE,      )
     Defendant )

ORDER FOR SANCTIONS FOR
FAILURE TO COMPLY WITH
NOTICE OF SETTING OF
SETTLEMENT CONFERENCE

This matter was scheduled for settlement conference between the parties, their counsel and Justice Carl O. Bradford at 8:30 AM April 25, 2002. The notice was signed by Justice Robert E. Crowley and mailed March 7, 2002. The notice provided, in relevant part, as follows:

"All counsel <u>and parties must be present in person at the conference</u>, must be vested with full settlement authority and must be prepared to make reasonable concessions and stipulations. . . . . .
<u>Failure to comply with this notice in any respect may result in the imposition of sanctions.</u>" (Emphasis added)

Counsel met with the court at the appointed time without the parties to this litigation. The plaintiffs were at home, were available by telephone and within a drive of one hour from the courthouse in Portland. The defendant's counsel informed the court that his client was with the United States Navy in Greece, and attempts to reach the client by e-mail had been unsuccessful. Counsel was aware of his client's unavailability one week before the scheduled settlement conference, but did not notify the court of the unavailability of his client or seek a rescheduling of the settlement conference. Justice Bradford is an Active Retired Justice of the Superior Court who is paid on a per diem basis. He was assigned this date for the specific purpose of conducting the settlement conference in this case. In addition, a court security officer was assigned to Justice Bradford, whose services are retained by

the Administrative Office of the Courts through Manpower, Inc. at the rate of $14.73 per hour. Therefore, the actual financial cost to the State of Maine for one-half day is $175.00 for Justice Bradford and $58.92 for security officer Paul Beeler. Additional judicial resources will be required to reschedule a settlement conference in this case.

The purpose of a settlement conference is to have all parties and counsel meet with the assigned judge, who is not the trial judge. The settlement conference judge explains the process, informs the parties that nothing said at the conference will be revealed to the trial judge, other than that the case was either settled or was not settled. The parties and their counsel caucus separately, and with the settlement conference judge, who discusses the relative strengths and weaknesses of the case, attempts to guide the parties to a reasonable resolution of the dispute and ultimately makes a recommendation to each side for purposes of settling the case. If the parties do settle, the agreement is reduced to writing and signed by the parties before leaving the courthouse. This process has been successful during the four years of its existence in Cumberland County Superior Court and has resulted in more than half of all cases being settled before trial. The Settlement Conference procedure is now in place in all counties. This procedure can be successful only if all parties abide by the express terms of the notice. Failure to do so results in needless expense and waste of scarce judicial resources. In such cases, sanctions may and should be imposed. In this case, had all parties been available to travel from the Brunswick-Topsham area to Portland, a delay of one hour would not have been unreasonable and the settlement conference could have proceeded as scheduled. Had the defendant been available by e-mail or any other means of communication, the court could have attempted to hold a settlement conference. That was not possible and, as a result, the settlement conference will now have to be rescheduled, causing an additional strain on scarce judicial resources. For these reasons, sanctions are appropriate and will be imposed.

Therefore, it is hereby ORDERED

That sanctions are imposed on Michael Feldman, Esq., attorney for the Defendant, in the sum of $233.92 to reimburse the court for the actual cost of Justice

Bradford and security officer Paul Beeler. Said monetary sanction shall be paid to the Clerk of Courts, Sagadahoc County Superior Court.

Date: April 25, 2002

Carl O. Bradford
Active Retired Justice
Superior Court
